### SAUNDERS vs. TAYLOR.

Interest not APPEAL from the court of the parish and
allowed on
the judgment city of New-Orleans.
of a district
court of the
U. S. MATHEWS, J. delivered the opinion of the
court. This suit is brought against the defen-
dant as tutor of the minor heirs of Thomas L.
Harman, who became surety for Geo. M.
Ogden, on a bond executed in favor of the
plaintiff, in consequence of a writ of error
which the said Ogden had obtained in the
district court of the United States for the Lou-
isiana district, to cause a judgment which had
been rendered against him, to be re-examined
in the supreme court, &c. This judgment was

affirmed by the tribunal in the last resort, with costs; and for the amount thereof, the parish court, in the present instance, gave judgment, with interest from the judicial demand, &c. from which the plaintiff appealed.

SAUNDERS
*vs.*
TAYLOR.

The error, of which he complains, in the judgment of the court below, is, that legal interest was not allowed on the amount of the judgment which he had obtained in the district court of the United States, from the time when said judgment was rendered.

We have searched in vain for any law, either of the United States, or of this state, ancient or modern, which gives interest on judgments as a legal right. According to the 23d section of the judiciary act of congress, passed in 1789, the supreme court is authorised, on an affirmance of a judgment, to decree to the respondent in error just damages for his delay, &c. In the case of *Saunders* vs. *Ogden*, the judgment was affirmed without damages; and as there is no law which declares that judgments shall bear interest, we cannot, in this respect, perceive any error in the judgment of the parish court.

The record contains several bills of exceptions taken by the defendant; but as he took

no appeal, and claims no benefit under that of the plaintiff, the questions relating to these exceptions, need not be examined.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed; and that the appellant pay the costs of this appeal; those of the court below to be borne by the appellee.

*Strawbridge* for the plaintiff—*Grymes* for the defendant.